IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CLIFFORD WILLIAMS BEY,** Inmate #B54232, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL NO. 03-516-GPM ) |
| **B. SPILLER, et al.,** | ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, a former inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis* without payment of an initial partial filing fee.

This case now is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). After evaluating Plaintiff's claims

individually, the Court finds it appropriate to exercise its authority under Section 1915A to dismiss those claims that are frivolous before allowing Plaintiff to proceed with his remaining claims. *See House v. Belford*, 956 F.2d 711, 718-19 (7th Cir. 1992).

Plaintiff states that in June 2002 he witnessed Defendants Childers and Holder beat a fellow inmate at Menard Correctional Center. Plaintiff provided statements about the beating to Menard Internal Affairs and to the Illinois State Police. Thereafter, Defendant Childers came to Plaintiff's cell each night and threatened him with retaliation if he did not "change his story." Plaintiff filed numerous grievances regarding the harassment, asking to be assigned to a different cell or to have Defendant Childers removed from his cell house during the course of the internal investigation. The grievances were denied.

Plaintiff states that from September 2002 to January 2003, Defendants Albert, Hall, Holder, Childers, and other unknown corrections officers refused to feed Plaintiff breakfast. Furthermore, Defendants Spiller and Gales ordered Defendants Mezo, Welborn, and Dunn to strip Plaintiff of all of his property, turn off his water, and deny him soap, toothpaste, sheets, mattress, access to showers, toilet paper, and access to the law library for fifteen days.[1]

Based on these allegations, Plaintiff argues that the actions of Defendants violated the Eighth Amendment. Plaintiff argues that these deprivations constituted "deliberate indifference" and caused emotional and mental stress, which led to a "mental break down" and caused Plaintiff to be put on anti-psychotic medication and transferred to the Pontiac South Mental Correctional Center. Plaintiff also argues that he was denied his right of access to the courts.

Plaintiff further states that in September 2002, Defendant Rowland wrote a false disciplinary

---

[1] Plaintiff does not state the dates of the alleged deprivations.

report against Plaintiff for assault. Defendant Holder filed a corroborating incident report. Plaintiff argues that he was denied due process because the adjustment committee held a hearing on the report without him being present to prove that he was innocent. Plaintiff alleges that the adjustment committee falsified records to show that Plaintiff refused to appear but did not obtain Plaintiff's signature on a "denial slip." As a result, Plaintiff lost six months of good conduct credit, access to the telephone, state pay, access to recreation with the general population, and food items from the commissary.

*Cruel and Unusual Conditions of Confinement*

Plaintiff alleges that he was stripped of his personal property, his water was shut off, and he was denied soap, toothpaste, sheets, a mattress, access to showers, and toilet paper for a period of fifteen days. In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.* Based on these standards, Plaintiff's claims cannot be dismissed at this time. 28 U.S.C. § 1915A; *see Kimbrough v. O'Neill*, 523 F.2d 1057, 1059 (7th Cir. 1975) (plaintiff stated claim under § 1983 where he was subjected to three days in solitary confinement without water, toilet, mattress, bedding, or personal hygiene items).

*Denial of Meals*

Plaintiff alleges that he was denied breakfast from September 2002 to January 2003. In some circumstances, a prisoner's allegations of denial of food may satisfy the elements required to show

an Eighth Amendment violation. The Seventh Circuit Court of Appeals has held that the denial of food is not a *per se* violation of the Eighth Amendment. Rather, a district court "must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999); *see generally Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (it would be an Eighth Amendment violation to deny a prisoner of an "identifiable human need such as food"); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) (withholding food from an inmate can, in some circumstances, satisfy the first *Farmer* prong); *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (noting that denial of one out of every nine meals is not a constitutional violation); *Cooper v. Sheriff of Lubbock County*, 929 F.2d 1078 (5th Cir. 1991) (finding failure to feed a prisoner for twelve days unconstitutional); *Cunningham v. Jones*, 567 F.2d 653, 669 (6th Cir. 1977), *app. after remand*, 667 F.2d 565 (1982) (feeding inmates only once a day for 15 days would constitute cruel and unusual punishment only if it "deprive[s] the prisoners concerned … of sufficient food to maintain normal health"). Based on these standards, this claim cannot be dismissed at this point in the litigation. 28 U.S.C. § 1915A.

<u>Denial of Access to Law Library</u>

Plaintiff alleges that during the fifteen day period, he also was denied access to the prison law library.

> Prison officials have an affirmative duty to provide inmates with reasonable access to courts, which includes providing access to adequate libraries (or counsel). *DeMallory v. Cullen*, 855 F.2d 442, 446 (7th Cir. 1988). The right of access "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Nonetheless, reasonable access does not mean unlimited access. *Hossman v. Sprandlin*, 812 F.2d 1019, 1021 (7th Cir. 1987).

*Martin v. Davies*, 917 F.2d 336, 338 (7th Cir.1990). Violations of the right of access to the courts

may be vindicated in federal court in a civil rights action pursuant to 42 U.S.C. § 1983. An allegation of actual or threatened detriment is an essential element of a § 1983 action for denial of access to the courts. *Martin v. Davies*, 917 F.2d at 340; *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d at 1021-22. Such an allegation must be more than merely conclusory, and a complaint is inadequate if it "offers no specific facts to support these allegations -- no court dates missed; no inability to make timely filings; no denial of legal assistance to which he was entitled; and no loss of a case which could have been won." *Martin v. Davies*, 917 F.2d at 340. Plaintiff here does not make any specific allegations that he missed a court deadline or that he lost a case as a result of the deprivation; he merely alleges that he could not go to the law library during that period. Without more, Plaintiff does not state a constitutional claim. As such, this claim is **DISMISSED**.

*Retaliation*

"A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted). In this case, Plaintiff alleges that Defendants stripped his cell, shut off his water, denied him meals and access to the law library, and filed a false disciplinary report against him, all after he had been threatened with retaliation if he did not "change his story" in an internal and Illinois State Police investigation of the beating of another inmate. Such a chronology arguably presents a colorable claim of retaliation; therefore, the Court is unable to dismiss this retaliation claim at this point in the litigation. 28 U.S.C. § 1915A; *see Zimmerman*, 226 F.3d at 574 (reversing district court's § 1915A dismissal because inmate's allegations established that "the exercise of his [First Amendment] right was closely followed by the retaliatory act").

*Denial of Due Process*

Plaintiff states that he was denied due process in a disciplinary proceeding that resulted in the loss of six months of good conduct credit.  Specifically, Plaintiff alleges that the disciplinary hearing was held without him.  Plaintiff may not bring this type of claim in a 42 U.S.C. § 1983 action.  Instead, it should be brought in an action for habeas corpus after exhaustion of remedies through the Illinois state courts.  *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994); *Clayton-EL v. Fisher*, 96 F.3d 236, 242 (7th Cir. 1996); *Simpson v. Rowan*, 73 F.3d 134, 136 (7th Cir. 1995); *Viens v. Daniels*, 871 F.2d 1328, 1333-34 (7th Cir. 1989).  The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner.  *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981); *see also United States ex rel. Isaac v. Franzen*, 531 F. Supp. 1086, 1091-94 (N.D. Ill. 1982).  The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 et seq., to consider the merits of Plaintiff's claim.  Plaintiff must exhaust his state court remedies before bringing his claims to federal court.  Accordingly, this claim is **DISMISSED without prejudice** to Plaintiff bringing the claims through habeas corpus after exhaustion of state remedies.

*Defendants*

A defendant cannot be held liable for damages in a civil rights action for wrongs in which he had no personal involvement.  *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981).  Plaintiff names Jonathan R. Walls as a Defendant in the action, but does not make any specific allegations against him.  Accordingly, Defendant Walls is **DISMISSED** from the action.

In summary, Plaintiff's claims of violations of the Eighth Amendment and retaliation are allowed to go forward. Plaintiff's claims of denial of the access to courts and due process violations during his disciplinary hearing are **DISMISSED**. 28 U.S.C. § 1915A.

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit USM-285 forms for Defendants *SPILLER, GALES, ROWLAND, CHILDERS, ALBERT, HOLDER, and HALL* within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order.[2] The Clerk of Court is **DIRECTED** to send Plaintiff **seven (7)** USM-285 forms with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a Defendant until Plaintiff submits a properly completed USM-285 form for that Defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants *SPILLER, GALES, DUNN, MEZO, WELBORN, ROWLAND, CHILDERS, ALBERT, HOLDER, and HALL.* The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint and this Memorandum and Order to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants *SPILLER, GALES, DUNN, MEZO, WELBORN, ROWLAND, CHILDERS, ALBERT, HOLDER, and HALL* in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable Forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is

---

[2]Plaintiff already has submitted USM-285 forms for Defendants Dunn, Mezo, and Welborn.

mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of the Illinois Department of Corrections ("IDOC") who no longer can be found at the work address provided by Plaintiff, IDOC shall furnish the Marshal with that Defendant's last-known address upon issuance of a Court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from IDOC pursuant to such order shall not be maintained in the Court file nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a Defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk of Court prepare a summons for that Defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Memorandum and Order upon that Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for that Defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said Defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally-served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless that Defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by

counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to Defendants or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pretrial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to do so will result in dismissal of this action under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED:  06/03/05

s/ G. Patrick Murphy  
G. PATRICK MURPHY  
Chief United States District Judge