# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CLIFFORD WILLIAMS BEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CASE NO.   03-CV-516-GPM |
| | ) | |
| **B. SPILLER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is a motion to dismiss, filed by defendants Spiller, Gales, Dunn, Mezo, Welborn, Rowland, Childers, Albert, and Holder (Doc. No. 24). The motion is opposed (Doc. No. 29). The motion was filed pursuant to Rule 12 of the Federal Rules of Civil Procedure and targets plaintiff's § 1983 claims that he was subjected to unconstitutional conditions (Count I) and retaliation (Count IV) during his confinement at Menard Correctional Center.

### I.     Count I - Conditions of Confinement

The defendants argue that plaintiff's allegations do not suggest that the conditions he experienced were sufficiently severe to violate the Constitutional standard. They also argue that plaintiff may not recover damages for his mental or emotional injuries because he has not alleged a physical injury. Plaintiff responds that he can show that these defendants deprived him of the minimal civilized measure of life's necessities, creating an excessive risk to his health. He explains that he receives medication and other treatment for the psychological harm inflicted.

The first step in evaluating the sufficiency of a pleading is to give pro se allegations a liberal interpretation, accept as true all well-pleaded facts, and draw all inferences in favor of the plaintiff. If, so viewed, the allegations put the defendants on notice that plaintiff is asserting an Eighth Amendment claim, and his allegations do not rule out the possibility that the defendants violated the applicable legal standard, the pleading cannot be dismissed. That is, dismissal is proper only if it is "beyond doubt" that plaintiff could prove no set facts consistent with his complaint that would entitle him to relief. *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998).

Plaintiff has stated enough facts to place the defendants on notice that he is asserting an Eighth Amendment claim regarding the conditions of his confinement. In fact, the defendants were specifically advised of this interpretation when Chief Judge Murphy ordered a response (Doc. No. 8). Hence, the allegations supporting Count I are adequate to survive a Rule 12(b)(6) motion. Moreover, assuming that plaintiff cannot prove physical injury, Count I is not barred by 42 U.S.C. § 1997e(e) because plaintiff seeks forms of relief other than compensatory damages. *Calhoun v. DeTella*, 319 F.3d 936, 941 (7th Cir. 2003).

The defendants also argue that Count I should be dismissed because they are immune from an award of money damages. When a qualified immunity defense is presented in a motion to dismiss, the plaintiff needs to demonstrate that (1) the conduct alleged sets forth a Constitutional violation and (2) the Constitutional standards were clearly established at the time of the alleged violation. *Khuans v. School District 110*, 123 F.3d 1010, 1013 (7th Cir. 1997).

Taking plaintiff's allegations as true, he did not receive breakfast meals between September, 2002 and January, 2003. For fifteen days, he received no access to personal property, a shower, bedding, or items needed to maintain personal hygiene. These allegations are sufficient to suggest

a deprivation of the minimal civilized measure of life's necessities. *See Kimbrough v. O'Neill*, 523 F.2d 1057, 1059 (7th Cir. 1975). Moreover, the legal standard governing plaintiff's conditions of confinement claim were clearly established in September, 2002. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). At this stage of the litigation, the qualified immunity defense fails.

## II. Count IV - Retaliation

Defendants Childers, Rowland and Holder argue that Count IV is barred by the doctrine established in *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997). Under the law established by these cases, a prisoner may not bring a § 1983 suit that – if successful – would undermine a still-valid disciplinary conviction. *Edwards*, 520 U.S. at 648; *Heck*, 512 U.S. at 486-87. However, claims that target the conditions of the prisoner's confinement rather than the fact or duration of the prisoner's confinement are not barred. *DeWalt v. Carter*, 224 F.3d 607, 617-18 (7th Cir. 2000).

Plaintiff alleges that defendant Childers came to his cell each night and engaged in threatening and intimidating conduct. Defendant Rowland filed a false report accusing plaintiff of violating disciplinary rules, and defendant Holder filed a false report corroborating Rowland's accusation. The disciplinary proceedings resulted in a deprivation of good time credits and lengthened the period of plaintiff's confinement.

If successful, plaintiff's retaliation claims against defendants Rowland and Holder would undermine a decision regarding the duration of plaintiff's confinement. Absent a decision that the disciplinary proceedings are invalid, the retaliation claims against Rowland and Holder are *Heck*-barred. However, the retaliation claim against defendant Childers could succeed without implicating the outcome of the disciplinary decision and is not *Heck*-barred.

## III. Conclusion

IT IS RECOMMENDED that defendants' motion to dismiss (Doc. No. 24) be GRANTED in part and DENIED in part. The retaliation claim in Count IV against defendants Rowland and Holder should be dismissed without prejudice to plaintiff's right to pursue that claim after the disciplinary proceedings have been invalidated.

SUBMITTED:   December 2, 2005  .

*S/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**