**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CLIFFORD WILLIAMS BEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.   03-CV-516-GPM** |
| | ) | |
| **B. SPILLER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**REPORT AND RECOMMENDATION**</u>

**FRAZIER, Magistrate Judge:**

Before the Court is a motion for partial summary judgment filed by defendants Spiller, Gales, Dunn, Mezo, Welborn, Rowland, Childers, Albert, and Holder (Doc. No. 26).  The motion targets plaintiff's claim (in Count II) that he was subjected to unconstitutional conditions when he was deprived of breakfast meals during several months of confinement at Menard Correctional Center.  These defendants argue that Count II should be dismissed because plaintiff failed to exhaust administrative remedies.  The motion is unopposed.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  To determine whether there is a genuine issue of material fact, courts construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

An inmate complaining about prison conditions must exhaust administrative remedies before

filing suit.  42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524 (2002). Exhaustion requires compliance with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

The materials on file show that a grievance process was available to plaintiff during his confinement at Menard Correctional Center and Pontiac Correctional Center.  That process is complete once the Director of the Illinois Department of Corrections (or the Director's designee) makes a final determination based on a report of findings and recommendations prepared by the Administrative Review Board (ARB).  Records maintained by the ARB reflect that plaintiff did not file a grievance regarding the alleged deprivation of meals.  This information is uncontested.

Defendants' exhaustion argument has merit.  Plaintiff did not exhaust his administrative remedies with respect to the meal deprivation claim he asserted in Count II.  However, the Court notes that the only defendants named in Count II are defendants Albert, Hall, Holder, and Childers.  Defendant Hall did not join in the motion and appears to be in default.  Accordingly, if the recommendation below is accepted, Count II will remain as to defendant Hall.

IT IS RECOMMENDED that defendants' motion for partial summary judgment (Doc. No. 26) be GRANTED as follows.  The § 1983 claim asserted in Count II against defendants Albert, Holder, and Childers should be dismissed without prejudice for failure to exhaust administrative remedies.

**SUBMITTED:**   **January 26, 2006**   **.**

 *s/Philip M. Frazier*
 **PHILIP M. FRAZIER**
 **UNITED STATES MAGISTRATE**